ORRY P. KORB, County Counsel (S.B. #114399)
STEPHEN H. SCHMID, Deputy County Counsel (S.B. #078055)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California  95110-1770
Telephone: (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose)

| | |
|---|---|
| MICHEL HERMANGE,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>         Defendant. | No. 16-CV-02847-BLF<br><br>**DEFENDANT COUNTY OF SANTA CLARA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant County of Santa Clara answers the Complaint of Plaintiff Michel Hermange (Complaint) and alleges as follows:

1. Defendant admits the allegations of paragraphs 1a and 1b of the Complaint.

2. Defendant denies the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraphs 3 and 4 of the Complaint.

4. Answering paragraph 5a of the Complaint, Defendant admits that Plaintiff was laterally transferred to the County Probation Department and was hired into the Facilities Maintenance Representative position effective May 17, 2010 upon probationary status, but otherwise denies each and every allegation of thereof.

5. Answering paragraph 5b of the Complaint, Defendant admits that on November 2, 2010 Plaintiff was given notification of his probationary release with effective date of November 12, 2010, but otherwise denies each and every allegation thereof.

1      6.      Defendant denies the allegations of paragraph 5c of the Complaint.

2      7.      Defendant denies the allegations of paragraph 5d of the Complaint.

3      8.      Defendant denies the allegations of paragraph 6 of the Complaint.

4      9.      Defendant admits the allegations of paragraph 7 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint, and each cause of action, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint, and each cause of action, is barred by failure to comply with the claim provisions of Government Code Sections 900 et seq.

**THIRD AFFIRMATIVE DEFENSE**

Defendant pleads all immunities of public employees and public entities pursuant to the California Government Code §§ 810 et seq.

**FOURTH AFFIRMATIVE DEFENSE**

Each cause of action of the Complaint is barred in that Plaintiff failed to file timely charges of discrimination pursuant to 42 U.S.C. § 2000e-5(e) and California Government Code section 12960.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise reasonable care and diligence to mitigate alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was negligent in the matters alleged in the Complaint and that negligence proximately caused or contributed to Plaintiff's alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Each cause of action of the Complaint is barred by the applicable statutes of limitations, including but not limited to California Government Code §§ 12960 et seq., 29 U.S.C. § 2617(c), California Code of Civil Procedure § 1094.5, and 42 U.S.C. §§ 2000e-5(f)(1).

/ /

/ /

### EIGHTH AFFIRMATIVE DEFENSE

Defendant and its agents have established and enforced, at all relevant times, policies prohibiting discrimination, harassment or retaliation, and that Defendant and its agents took all reasonable steps to prevent and/or promptly remedy any discrimination, harassment or retaliation, if in fact any such conduct ever occurred.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that this action is without foundation and that Defendant is therefore entitled to attorneys' fees and/or costs.

### TENTH AFFIRMATIVE DEFENSE

Defendant exercises reasonable care to prevent or correct instances of unlawful harassment or discrimination.  Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to otherwise avoid unlawful harassment or discrimination.  Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to otherwise avoid harm.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by Plaintiff's own conduct from asserting any cause of action against Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action is barred by the doctrines of res judicata and/or collateral estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any claim for damages alleged by Plaintiff is barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harms and/or consequences allegedly suffered.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action, fail to state a claim upon which relief can be granted because Defendant's alleged conduct was reasonably necessary to the normal operation of its business, and was at all times based on nondiscriminatory reasons.

/ /

/ /

**FIFTEENTH AFFIRMATIVE DEFENSE**

Each and every cause of action of the Complaint is barred in that Plaintiff's exclusive remedies are found under California Labor Code sections 3600, *et seq.*, and related provisions of law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is barred from any recovery because he failed to exercise a reasonable degree of skill in performing his employment duties as required by California Labor Code sections 2858 and 2859.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to petition for judicial review of the administrative decision renders the decision final and immune from collateral attack.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust administrative remedies as required by state and federal law.

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That Defendant is awarded its costs of suit incurred herein including attorney's fees;
4. That judgment be entered in favor of Defendant; and
5. For such other and further relief as the Court deems proper.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

## JURY DEMAND

The County demands a jury trial.

Dated: July 22, 2016

Respectfully submitted,

ORRY P. KORB
COUNTY COUNSEL

By: _____/S/_____
STEPHEN H. SCHMID
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

1356803