1  JAMES R. WILLIAMS, Acting County Counsel (S.B. #271253)
   STEPHEN H. SCHMID, Deputy County Counsel (S.B. #078055)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding Street, East Wing, Ninth Floor
3  San Jose, California  95110-1770
   Telephone: (408) 299-5900
4  Facsimile:  (408) 292-7240

5  Attorneys for Defendant
   COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| MICHEL HERMANGE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendants. | No.   16-CV-02847-BLF<br><br>**DEFENDANT COUNTY OF SANTA CLARA'S CASE MANAGEMENT STATEMENT**<br><br>Date:     October 13, 2016<br>Time:    11:00 a.m.<br>Crtrm.:  3, 5th Floor<br>Judge:   Honorable Beth Labson Freeman |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Defendant County of Santa Clara hereby submits this Case Management Statement.

1. <u>Jurisdiction and Service</u>

This Court has subject matter jurisdiction in this action under:

Plaintiff is suing for unlawful employment discrimination under Title VII of the Civil Rights Act.

2. <u>Facts</u>

Plaintiff Michel Hermange, a Caucasian, was hired by the County of Santa Clara in August 2006 as a General Maintenance Mechanic. On May 17, 2010, he was laterally transferred to the County Probation Department as a Facility Maintenance Representative (FMR). Although Plaintiff was a permanent County employee, he was placed under probationary status regarding the new FMR

1

position. On November 2, 2010, Plaintiff was given notification of his probationary release effective November 12, 2010 and was returned to his prior County position as a General Maintenance Mechanic for the County Facilities Department. The County's probationary release notice stated that his release was due to inefficiency, incompetence, or negligence; and insubordination.

Plaintiff claims that he was given his probationary release because his supervisor, Susana Alcantar, a woman of Hispanic/Latino origin, was a racist and hates Caucasians. The evidence will show that Plaintiff was released from the FMR position because he failed to effectively perform the administrative tasks of the position in a competent manner and exhibited an unharmonious behavior with his supervisor, Ms. Alcantar.

Plaintiff appealed his probationary release and his appeal was heard by the County Personnel Board on April 8, 2011. On May 11, 2012, the Personnel Board published its decision, which upheld the probationary release on the ground that Plaintiff demonstrated inefficiency, incompetence, or negligence in the performance of duties including failure to perform assigned tasks or failure to discharge duties in a prompt, competent, and responsible manner. Plaintiff did not seek judicial review of the Personnel Board's decision.

3. <u>Legal Issues</u>

Defendant believes that the evidence will show that Plaintiff's probationary release from the position he transferred to was motivated by fair assessment of his performance and that racial discrimination was not a factor and, in fact, non-existent.

4. <u>Motions</u>

No motions have been filed as of yet. Defendant County will likely file a motion for summary judgment after completion of initial discovery.

5. <u>Amendment of Pleadings</u>

Defendant County does not contemplate amending its answer based upon current information.

6. <u>Evidence Preservation</u>

Defendant County has taken positive steps to preserve evidence related to the issues presented in this case.

**7.   Disclosures**

The parties have not exchanged Initial Disclosures in compliance with Fed. R. Civ. P. 26. Defendant County proposes that the parties exchange Initial Disclosures within thirty (30) days of the Initial Case Management Conference.

**8.   Discovery**

Defendant County proposes that discovery be opened on the date of the Initial Case Management Conference.

**9.   Class Action**

Not Applicable.

**10.  Related Cases**

To Defendant County's knowledge, there are no related cases currently pending before any court or administrative body.

**11.  Relief Sought**

Defendant County seeks a verdict in its favor and award of costs of suit.

**12.  Settlement and ADR**

Presently the parties have not discusses ADR.  Defendant County would like to depose the Plaintiff and conduct some other discovery before determining if ADR is the appropriate approach to this case.

**13.  Consent to Magistrate**

Defendant County does not consent to a magistrate judge for trial and entry of judgment.

**14.  Other References**

Defendant County does not believe that this case is suitable for reference to binding arbitration, a special master or other references.

**15.  Narrowing of Issues**

Defendant County would like to reserve this category until after opportunity to confer with Plaintiff after the Initial Case Management Conference.

/ /

/ /

16. Expedited Schedule

Defendant County would like to reserve this category until after opportunity to confer with Plaintiff after the Initial Case Management Conference.

17. Scheduling

| | |
|---|---|
| Parties Exchange Initial Disclosures | November 12, 2016 |
| Last Day to Amend Complaint or Answer | December 30, 2016 |
| Last Day for Non-Expert Discovery | June 30, 2017 |
| Last Day to Designate Experts | July 30, 2017 |
| Expert Discovery Cut-Off | September 30, 2017 |
| Last Day to file Summary Judgment Motion | August 30, 2017 |
| Proposed Month/Year for Trial | February 2018 |

18. Trial

Deferred.

19. Disclosure of Non-Party Interested Entities or Persons

Defendant County knows of no interested parties or persons that have an interest in this lawsuit because they would be in some way affected by it.

20. Other Matters

Not Applicable.

Respectfully submitted,

Dated:  October 6, 2016

JAMES R. WILLIAMS
Acting County Counsel

By:  _____/S/_____
STEPHEN H. SCHMID
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

1402731