JAMES R. WILLIAMS, County Counsel (S.B. #271253)
CHRISTOPHER A. CAPOZZI, Deputy County Counsel (S.B. #271583)
STEPHEN H. SCHMID, Deputy County Counsel (S.B. #78055)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California  95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| MICHEL HERMANGE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant. | No. 16-CV-02847-BLF<br><br>**DECLARATION OF VICKIE GORLEY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:   February 21, 2019<br>Time:   9:00 AM<br>Crtrm:  3, 5th Floor<br>Judge:  Beth Labson Freeman |

I, VICKIE GORLEY, declare:

1.  I have personal knowledge of the following facts described herein except those I state on information and belief, which I believe to be true.  If called to testify, I could and would testify competently thereto.

2.  I am a Caucasian female, and I retired from Santa Clara County in 2013 after 28 years of service as a County employee.

3.  At the time of Michel Hermange's employ with the Santa Clara County Probation Department from May – November 2010, I was an Administrative Resource Unit Manager, responsible for the Department's Facilities and Fleet Unit.  I was the supervisor for Ms. Susana Alcantar, who was the primary supervisor for Mr. Hermange.

///

1

4.     Mr. Hermange's duties included scheduling maintenance; monitoring vehicle usage and required maintenance; maintaining an inventory of vehicle items such as gas cards, garage passes, first-aid kits, spare tires, etc.; maintaining mileage records and reporting mileage to the Facilities and Fleet Department; processing service orders; assisting with health and fire inspections; and maintaining the Probation Department building and facilities.

5.     During the time that Mr. Hermange was employed at the Probation Department, he was unable to satisfactorily perform several of his assigned tasks, despite repeated training. He failed to do calculations and accurately record mileage in logs, he failed to file timely reports, and he failed to follow instructions and protocol for ordering, reserving, and equipping vehicles. He was trained in each of these tasks repeatedly, yet he was either unable or in some instances, unwilling to perform the tasks in accordance with the standards and procedures required by the Probation Department.

6.     Mr. Hermange was repeatedly resistant to learning the processes for doing tasks. He would push back against his training in several areas and he could be very uncooperative. At times when I would try to explain the reasons behind our methods, Mr. Hermange would refuse to accept that they were necessary or proper for the task and would often characterize them as a waste of time. When I would try to explain that the steps were necessary, because those steps often fed other reports and processes, he was dismissive and stuck to his position that the work was unnecessary.

7.     At his initial job interview, Mr. Hermange stated that he knew computer programs very well. He said that his wife had a private business and he worked on her computer and had used Microsoft Excel. During the hiring process I made it clear to Mr. Hermange that the position would require mostly clerical work, including computer work, despite the fact that it was labeled a "maintenance" position. Based upon Mr. Hermange's inability to generate and format documents it was clear that he did not have the computer skills that he represented in his interview. He could not independently create documents that were correctly formatted. Ms. Alcantar arranged for the department to send Mr. Hermange to a Microsoft Excel class. Mr. Hermange attended the class, however, his work with computer programs did not improve to the standard required for his job.

///

2

Declaration of Vickie Gorley in Support of Defendant's Motion for     16-CV-02847-BLF
Summary Judgment, or in the Alternative, Summary Adjudication

8.     I attended biweekly performance review meetings with Mr. Hermange and his immediate supervisor, Ms. Susana Alcantar, beginning in September 2010. Ms. Alcantar provided Mr. Hermange repeated direction in those meetings, and her directions were clear, and in my opinion, reasonable. However, they did not result in the improvement in his performance that Ms. Alcantar and I had hoped for, nor did his abrasive and uncooperative attitude change.

9.     On at least two occasions Mr. Hermange requested to meet with just me. During those meetings, he expressed that he felt he was being treated unfairly by Ms. Alcantar, and that she was making tasks unnecessarily difficult and cumbersome. At no time did he express that he felt Ms. Alcantar was discriminating against him because he was white.

10.     After each of my meetings with Mr. Hermange, I met with Ms. Alcantar to discuss her training program for him, and to get a sense of his performance and progression. During those meetings I found that Ms. Alcantar's requirements for Mr. Hermange were reasonable expectations, and in accordance with department policies. She was attempting to train him and help him adapt to his role, but he was difficult to train because he resisted learning his assignments.

11.     In November 2010, based upon the recommendation from Ms. Alcantar, my own knowledge of his performance, and in consultation with Probation Department management, I concurred with the decision to release Mr. Hermange from his probationary term and return him to his prior position with the County. I authored the letter notifying him of his probationary release (Subject: "Amendment to Notice of Probationary Release Effective November 12, 2010," dated November 2, 2010). Carolyn Joe signed the letter on my behalf and with my permission, because I was out of the office on a brief leave when the document needed to be signed and forwarded to County Human Resources.

12.     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on November _16_, 2018 at Green Valley, Arizona.

*/s/ Vickie Gorley*
VICKIE GORLEY

1891689

3

Declaration of Vickie Gorley in Support of Defendant's Motion for Summary Judgment, or in the Alternative, Summary Adjudication      16-CV-02847-BLF