JAMES R. WILLIAMS, County Counsel (S.B. #271253)
CHRISTOPHER A. CAPOZZI, Deputy County Counsel (S.B. #271583)
STEPHEN H. SCHMID, Deputy County Counsel (S.B. #78055)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San José Division)

| | |
|---|---|
| MICHEL HERMANGE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant. | No. 16-CV-02847 BLF<br><br>**COUNTY OF SANTA CLARA'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   February 21, 2018<br>Time:   9:00 a.m.<br>Crtrm:  3, 5th Floor<br>Judge:  Beth Labson Freeman |

## I.   INTRODUCTION

Plaintiff Michel Hermange's Opposition to the County of Santa Clara's motion for summary judgment fails to present any admissible evidence of discrimination on the part of the County and therefore fails to demonstrate that the County's actions were a pretext for discrimination.  Instead, Plaintiff attempts to counter the County's evidence of his inadequate performance by arguing that his work performance was more than adequate and that it was in fact quite good.  Plaintiff draws the inference that since his work was in his view quite good, the only logical explanation for his release must have been racial animus on the part of his supervisor, Ms. Susana Alcantar.  However, Plaintiff is required to present *evidence* demonstrating that the County's reasons for his release were a pretext for discrimination.  Because Plaintiff fails to present any evidence of racial discrimination beyond

hearsay and his own conjecture, he fails to carry his burden under *McDonnel Douglas*. Accordingly, the County is entitled to summary judgment.

## II. ARGUMENT

**A. Plaintiff Fails to Present any Admissible Evidence of Discrimination on the Part of the County and Therefore Fails to Demonstrate That the County's Reasons for his Release Were a Pretext for Discrimination**

In response to the defendant's offer of nondiscriminatory reasons for its employment actions, the plaintiff must produce "specific, substantial evidence of pretext." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983). A plaintiff may demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998), as amended (Aug. 11, 1998) (quoting *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Under the *McDonnell Douglas* framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine,* 450 U.S. at 253 (citing *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973)).. The plaintiff must provide a genuine issue of material fact as to pretext in order to avoid summary judgment. *Burdine,* 450 U.S. at 248; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (holding that courts must grant summary judgment where party bearing burden of proof fails to identify supporting evidence).

In his Opposition, Plaintiff fails to present any admissible, specific and substantial evidence that the County's reasons for his release were a pretext for discrimination. Plaintiff presents no admissible evidence that his release from probation was motivated by racial animus. During his tenure in the Probation Department, Plaintiff does not allege that he endured any discriminatory behavior: no slurs, insults, inappropriate jokes, or other race-related conduct on the part of Ms. Alcantar or any County employee. Plaintiff instead alleges that Ms. Alcantar scrutinized his work and gave him tasks to complete that he felt were a waste of time or beneath him. He also alleges that Ms. Alcantar "discriminated" against him from the start when at his first interview for the job she told him that she could not tell him whether he would be called back for a second interview.

2

County of Santa Clara's Reply to Opposition to Motion for Summary Judgment        16-CV-02847 BLF

Plaintiff attributes Ms. Alcantar's treatment of him to racial animus, when in fact it was his poor performance that she was consistently addressing. Plaintiff fails to recognize that Ms. Alcantar's role as his supervisor required that she review his work and bring deficiencies to his attention. Plaintiff repeatedly points to this as evidence of racial animus, but he produces no evidence for this claim other than his own conjecture and hearsay statements from others he claims told him that Ms. Alcantar was a racist. Plaintiff has failed to offer admissible testimony from these witnesses. Instead, Plaintiff offers in his declarations hearsay statements that he attributes to County employees who were not involved in the decision to release him from probation. The hearsay Plaintiff offers in his declaration is inadmissible and cannot satisfy his burden to rebut the County's stated reason that his release from probation was due to his poor performance and had nothing to do with his race.

Similarly, Plaintiff has failed to demonstrate that the County's stated reasons for his release are unworthy of credence. In addition to the declaration by Ms. Alcantar, which details Plaintiff's deficient performance and abrasive demeanor, the County has presented a declaration by the unit manager and Ms. Alcantar's supervisor, Ms. Vickie Gorley. In her declaration, Ms. Gorley, a Caucasian woman, explained that Plaintiff was unable to perform tasks satisfactorily despite repeated training. She also indicated that Plaintiff was resistant to learning his job duties, that she ultimately concurred with the decision to release Plaintiff from probation, and made that recommendation to her superiors. Plaintiff's Opposition fails to rebut this undisputed evidence or demonstrate in any way that the County's reasons are unworthy of credibility. Plaintiff provides conclusory and self-serving denials of his poor performance and counters with assertions that he performed well and was eager to learn his job, but his assertions are unsupported and fail to successfully undermine the credibility of the evidence provided by the County.

**B. Statements that Plaintiff Attributes to Ted Bond and Carolyn Joe are Inadmissible Hearsay, and Cannot Provide the Basis for any Genuine Issue of Material Fact**

Plaintiff states in his declaration that Ted Bond and Carolyn Joe separately visited him on his first day of work and warned him that Ms. Alcantar did not like white people, did not want him working for her, and would try to get rid of him. These statements are hearsay without a valid exception for their admissibility. They are not admissible as vicarious admissions.

For evidence to qualify as a vicarious admission, the proponent of the evidence must demonstrate that the evidence is a statement that concerns a matter within the scope of the agent's employment. *Oki Am. v. Microtech Int'l Inc.*, 872 F2d 312, 314 (9th Cir. 1989); FRE 801(d)(2). When a declarant was not involved with a decision by an employer, the declarant's speculation about the employer's motives for that decision is not "within the scope of his agency and [is] made in his capacity as wiseacre only." *Miller v. LCF, Inc.*, No. C-94-3372-VRM, 1994 WL 669837, at *5 (N.D. Cal. Nov. 18, 1994) (quoting *Staheli v. Univ. of Miss.*, 854 F2d 121, 127 (5th Cir. 1988) (holding statements of a university professor not involved in a decision to deny another professor tenure not to be vicarious admissions of university); *see also Finley v. Cty. of Martin* [sic], No. C-07-5922-EMC, 2009 WL 5062326, at *13 (N.D. Cal. Dec. 23, 2009) (quoting *Krause v. City of La Crosse,* 246 F.3d 995, 1002 (7th Cir. 2001) (concluding that assistant police chief was not acting within his scope of employment "when he discussed the alleged motivations of members of the city's finance department in transferring plaintiff to the back office. To hold otherwise would hold a city accountable for statements made by any city employee, and Rule 801(d)(2)(D) does not cast such a wide net.")); *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 951 (7th Cir. 1998) (holding that the repetition of statements by women employees other than the plaintiff was inadmissible because, "[a]lthough the women knew the outcomes of the managerial decisions at issue and the effects that those decisions had on them, the decision making process itself—which is the relevant issue in proving a pattern or practice of discrimination—was outside the scope of the women's agency or employment."); *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (finding statements not within scope of employment when declarants relating what decision maker said were not involved in the company's discharge of plaintiff).

Here, the statements Plaintiff attributes to Ted Bond and Carolyn Joe constitute inadmissible hearsay. Even if they made these statements, they would not have been acting within the scope of their employment when they did so. Moreover, Bond and Joe were not involved in the decision to release Plaintiff from probation. These statements are hearsay, and there is no exception under which they should be deemed admissible, leaving Plaintiff with no evidence to present at summary judgment. *Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337, 345 n. 4 (9th Cir. 1995)

(inadmissible hearsay evidence generally may not be considered in a motion for summary judgment).

### C. **Plaintiff's Uncorroborated and Self-Serving Statements Cannot Create a Genuine Issue of Material Fact**

Although courts draw inferences in favor of the non-moving party, "uncorroborated and self-serving" testimony cannot create a genuine dispute. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). The County's legitimate reasons for his dismissal are reflected in declarations by Ms. Alcantar and Ms. Gorley, and are included as exhibits in the County's motion. Plaintiff offers no declarations or admissible testimony to corroborate his claims that he performed well, accomplished tasks successfully and in a timely manner, and followed his supervisor's instructions without hesitation. Instead, he offers his own conclusory allegations and hearsay statements of several individuals who he claims can provide testimony and information supportive of his discrimination claim, including Carolyn Joe, Ted Bond, Kimberly Gomez, and Rebecca Flores. But Plaintiff failed to submit admissible testimony from these witnesses in the form of declarations or deposition testimony. At the summary judgment stage this leaves the Plaintiff without evidence of a genuine issue of material fact. Accordingly, the County is entitled to summary judgment.

### III. OBJECTIONS TO PLAINTIFF'S EVIDENCE

Trial courts can only consider admissible evidence in ruling on motions for summary judgment. Fed. R. Civ. Proc. 56(e); *Orr v. Bank of America*, *NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The following evidence found in Plaintiff's Declaration, and attachments to that declaration labeled as Exhibits, is inadmissible and should not be considered in ruling on the Motion.

### A. Plaintiff's Declaration

Decl. at ¶ 3: Plaintiff's testimony that Ted Bond told him that Ms. Alcantar did not like Plaintiff, wanted to keep looking for another candidate, and said that he would not work out are inadmissible hearsay and should be excluded under Federal Rule of Evidence (FRE) 802. Mr. Bond's statements that Ms. Alcantar does not like white people and will try to find an excuse to get rid of Plaintiff are also inadmissible hearsay and should be excluded under FRE 802, alternatively these are statements

5

that lack valid foundation and should be excluded under FRE 602, and represent opinion testimony that should be excluded under FRE 701.

 Decl. at ¶ 4:  Plaintiff's testimony that Carolyn Joe told him that Ms. Alcantar is racist and hates white people, that Plaintiff should watch out since Ms. Alcantar did not want him working for her, and would try to get rid of him, that he should document all his work, and that Ms. Alcantar "got rid of Christine Leonard," are all inadmissible hearsay and should be excluded under Federal Rule of Evidence (FRE) 802.  Alternatively, these statements lack valid foundation and should be excluded under FRE 602, and represent opinion testimony that should be excluded under FRE 701.

 Decl. at ¶ 7:  Plaintiff's statement that he did the job of two people while he worked for the Probation Department lacks foundation and should be excluded under FRE 602.  His statement that he received "praise from many of the staff at both JPD Juvenile Hall and APD" also lacks foundation and should be excluded under FRE 602.

 Decl. at ¶ 9:  Plaintiff's statement that he was doing the job of two people and that it took three people to cover for him when he left, lacks foundation and should be excluded under FRE 701.

 Decl. at ¶ 14:  Plaintiff's assertions about how his probationary release was handled are speculation and should be excluded under FRE 602.

 Decl. at ¶ 16:  Plaintiff's statement that Kimberley Gomez investigated and concluded there was no evidence to support his release is hearsay and alternatively, lacks foundation and should be excluded under FRE 802 and 602.

 Decl. at ¶ 17:  Plaintiff's assertion that Lisa Dumanowski contacted Ms. Gomez and illegally tried to prevent her from representing him by claiming he had anger issues is hearsay, and alternatively lacks foundation and should be excluded under FRE 802 and 602.

 Decl. at 18:  Plaintiff's assertions as to how and why the members of the County Personnel Board decided his case are speculation and lack foundation and should be excluded under FRE 602.

 Decl. at 19:  Plaintiff's statements attributed to Ted Bond are hearsay without an exception and should be excluded under FRE 802.

Decl. at 20: Plaintiff's statements regarding meetings with Luke Leung, e-mails with Jeff Smith, and contact with Sylvia Gallegos are irrelevant to his claims of discrimination, reference hearsay and lack foundation and should be excluded under FRE 401, 802, and 602.

**Exhibit 200 – Excerpts from Plaintiff's Deposition:**

Depo 10:21-23: Plaintiff's testimony that he was "given a heads up on his first day that his supervisor didn't want him and didn't like white people" is inadmissible hearsay and should be excluded under FRE 802.

Depo 11:3-11: Plaintiff's testimony that upon being told by his supervisor of other employees she did not like or were problem employees, and his assertion that there was a pattern suggesting that they were Caucasians is inadmissible speculative opinion not rationally based upon his perception and should be excluded under FRE 701.

Depo 16:1-18: Plaintiff's testimony about what he was told by EEOC regarding its response to his complaint is hearsay, and irrelevant, and should be excluded under FRE 802 and 401.

Depo 16:19-17:12: Plaintiff's testimony about interaction with a County deputy executive after he exhausted County internal administrative remedies and before he filed his lawsuit is irrelevant, includes hearsay, and should be excluded under FRE 401 and 802.

Depo 29:7-30:7: Plaintiff's testimony about what occurred after he received his probationary release during a meeting that was part of the administrative process is irrelevant, includes hearsay, and should be excluded under FRE 401 and 802.

Depo 42:8-43:22: Plaintiff's testimony about his interaction with the Probation Chief occurring before he received his probationary release is irrelevant and should be excluded under FRE 401.

Depo 58:12-22: Plaintiff's testimony concerning his opinion regarding alleged racist hiring practices at County Adult Probation consists of speculative opinion testimony lacking in foundation to indicate whether it is rationally based and should be excluded under FRE 701.

Depo 67:3-10: Plaintiff's testimony concerning his opinion regarding the absence of a Caucasian employee during his time of work, whether she returned to work, and racial animus as a relative factor is speculative opinion testimony lacking in foundation to indicate whether it is rationally based and should be excluded under FRE 701.

1   Depo 99:25-100:25: Plaintiff's testimony concerning comments made by Rebecca Flores, an
2   equal opportunity officer, consists of inadmissible hearsay and should be excluded under FRE 802.
3   Depo 102:9-16: Plaintiff's testimony about Ted Bond's opinion that Susana Alcantor did not
4   want to work with him consists of inadmissible hearsay and speculative opinion testimony and
5   should be excluded under FRE 802 and 701.
6   Depo 103:7-23: Plaintiff's testimony about Ted Bond's opinion that Susana Alcantor did not
7   want to work with him consists of inadmissible hearsay and speculative opinion testimony and
8   should be excluded under FRE 802 and 701.
9   Depo 106:9-16:  Plaintiff's testimony about Carolyn Joe's opinion that Susana Alcantor did not
10  want to work with him and would try to fire him consists of inadmissible hearsay, speculative
11  opinion testimony and should be excluded under FRE 802 and 701.
12  Depo 106:17-23: Plaintiff's testimony that Carolyn Joe's opinion that Susana Alcantor was a
13  racist and hated white people consists of inadmissible hearsay, and speculative opinion testimony
14  and should be excluded under FRE 802 and 701.
15  Depo 108:8-15: Plaintiff's speculative opinion testimony about the way his job duties were dealt
16  with after he was released should be excluded under FRE 701 and 802. Plaintiff offers no
17  foundation insofar as how he learned of this information.

**B. Exhibit 229 – Letter from County Counsel to Plaintiff dated May 11, 2018**

This letter, concerning the County's response to Plaintiff's May 1, 2018 request under the Public Records Act should be excluded for lack of relevance under FRE 401 and 403.

**C. Exhibit 235 – Emails regarding Plaintiff's Administrative Remedies**

These emails, which track interaction between Plaintiff's union representative and County representatives regarding Plaintiff's administrative remedies should be excluded for lack of relevance under FRE 401 and 403.

**D. Exhibit 243 – Plaintiff's Emails to Luke Leung**

These emails sent to Deputy County Executive Luke Leung by Plaintiff seeking interaction regarding the outcome of the Personal Board Hearing should be excluded for lack of relevance under FRE 401 and 403.

## IV.  CONCLUSION

Plaintiff has failed to present admissible evidence of discrimination on the part of the County at the summary judgment stage of this case.  Plaintiff is unable to demonstrate that the County's stated reasons for his release were a pretext for discrimination, because he lacks any evidence that would contest the County's reasons, other than his own uncorroborated, unsupported, and self-serving assertions.  Plaintiff has therefore failed to meet his burden under the *McDonnel Douglass* rubric, and there is no genuine issue of material fact in this case.  Accordingly, summary judgment should be granted for the County in this matter.

Dated:  January 11, 2019                                    Respectfully submitted,

                                                                   JAMES R. WILLIAMS
                                                                   County Counsel

                                        By:     /*s/ Stephen H. Schmid*_____
                                                               STEPHEN H. SCHMID
                                                               Deputy County Counsel

                                                               Attorneys for Defendant
                                                               COUNTY OF SANTA CLARA

1924655